IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRADLEY B. D.,**[1]                                               3:19-cv-01856-BR

       **Plaintiff,**                                   **OPINION AND ORDER**

v.

**Commissioner, Social
Security Administration,**

       **Defendant.**


**H. PETER EVANS**
Evans & Evans, PC
520 SW Sixth Ave
Ste 1050
Portland, OR 97204
(503) 200-2723

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**THOMAS M. ELSBERRY**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-2531

	Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Bradley B. D. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

This matter is now before the Court on Plaintiff's Complaint in which he seeks review of the Commissioner's decision and the Commissioner's Motion to Remand (#17) for further administrative proceedings.

Following a review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS** the Commissioner's Motion to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 3, 2016, alleging a disability onset date of December 5, 2015.  Tr. 171-74.[2]  The application was denied initially and on reconsideration.  On April 2, 2018, Plaintiff amended his alleged onset date to January 1, 2015.  Tr. 184.  An Administrative Law Judge (ALJ) held a hearing on October 5, 2018.  Tr. 32-58.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on December 20, 2018, in which she found Plaintiff is not disabled, and, therefore, Plaintiff is not entitled to benefits.  Tr. 13-26.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on September 19, 2019, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on March 10, 1971.  Tr. 171.  Plaintiff was 47 years old at the time of the hearing.  Plaintiff has a high-school education.  Tr. 210.  Plaintiff has past relevant work experience as an independent contractor, "building materials

---

[2] Citations to the official transcript of record filed by the Commissioner on March 27, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

safe attendant," forklift operator, and stock clerk.  Tr. 24.

Plaintiff alleges disability due to obesity, "mental health issues," Obsessive Compulsive Disorder (OCD), and Schizoaffective Disorder.  Tr. 100.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-24.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must

6 - OPINION AND ORDER

assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 1, 2015, amended alleged onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of morbid obesity, OCD, and Schizoaffective Disorder. Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 17. The ALJ found Plaintiff has the RFC to perform light work

> except he can occasionally climb ramps and stairs, but never ropes, ladders, or scaffolds; he can occasionally stoop, crouch, and balance, but never crawl or kneel; he should be able to change positions in 30 minute intervals; he can do simple routine tasks with occasional superficial interaction with the public and coworkers; he should avoid concentrated exposure to hazards.

Tr. 18.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work. Tr. 24.

At Step Five the ALJ found Plaintiff can perform other work

8 - OPINION AND ORDER

that exists in the national economy.  Tr. 24.  Accordingly, the ALJ concluded Plaintiff is not disabled.

## **DISCUSSION**

Plaintiff contends the ALJ erred when she failed to address the opinion of James MacMillian, M.D., treating psychiatrist, and partially rejected the opinions of Scott Kaper, Ph.D., reviewing psychologist.

In Defendant's Brief and Motion to Remand (#17) Defendant contends the ALJ did not fail to address an opinion of Dr. MacMillian.  Defendant, however, concedes the ALJ erred in her assessment of Dr. Kaper's opinion and contends the Court should remand this matter for further administrative proceedings.  Plaintiff, in turn, asserts this Court should remand the matter for an immediate award of benefits.

**I.   The ALJ did not err when she did not specifically address the individual treatment notes of Dr. MacMillian.**

Plaintiff alleges the ALJ erred when she did not address the opinions of Dr. MacMillian related to Plaintiff's ability to work.  As Defendant points out, however, the items Plaintiff refers to as "opinions" are, in fact, treatment notes, and ALJs are not required to address individual treatment notes.  *See, e.g., Valentine v. Comm'r*, 574 F.3d 685, 691-92 (9th Cir. 2009) ("Dr. Storzbach's observation about 'highly routinized, overlearned tasks with low cognitive demand' is neither a

9 - OPINION AND ORDER

diagnosis nor a statement of Valentine's functional capacity.  It is rather a recommended way for Valentine to cope with his PTSD symptoms.  The ALJ therefore did not err by excluding it from the RFC."); *Kenwyn B. v. Comm'r, Soc. Sec. Admin.*, No. 1:19-CV-01128-BR, 2020 WL 1812831, at *6 (D. Or. Apr. 9, 2020) ("Dr. Grant's chart treatment notes are recommendations rather than a medical opinion, and, as such, the ALJ was not required to address or to include them in his analysis."); *Young v. Saul*, No. 19-CV-01965-PJH, 2020 WL 3506805, at *17 (N.D. Cal. June 29, 2020)("Because Drs. Phillips and Boutelle's reports were treatment notes, the ALJ was not required to specifically address their reports. . . .  Thus, the ALJ did not err by failing to specifically address Drs. Phillips and Boutelle's treatment notes.").

The Court, therefore, concludes the ALJ did not err when she did not address the individual treatment notes of Dr. MacMillian.

## II. The Court remands this matter for further administrative proceedings.

As noted, Plaintiff contends the ALJ erred when she partially rejected Dr. Kaper's opinions and asserts the Court, therefore, should remand this matter for the immediate calculation and award of benefits.  Defendant concedes the ALJ erred when she partially rejected Dr. Kaper's opinions, but Defendant moves to remand this matter for further administrative proceedings on the ground that the record does not conclusively

10- OPINION AND ORDER

establish that Plaintiff is disabled.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman*, 211 F.3d at 1178.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination

11- OPINION AND ORDER

> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On February 15, 2017, Dr. Kaper reviewed Plaintiff's medical record and completed a Mental Residual Functional Capacity (MRFC) Statement in which he stated Plaintiff is not significantly limited in his ability to carry out "very short and simple instructions"; to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; to "sustain an ordinary routine with out special supervision"; "to work in coordination with or in proximity to others with out being distracted by them"; to make "simple work-related decisions"; to "ask simple questions or request assistance"; to "get along with coworkers or peers without distracting them or exhibiting behavioral extremes"; to "maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness"; to "be aware of normal hazards and take appropriate precautions"; and to "travel in unfamiliar places or use public transportation." Tr. 92-93. Dr. Kaper stated Plaintiff is moderately limited in his ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent

12- OPINION AND ORDER

pace without an unreasonable number and length of rest periods"; to "interact appropriately with the general public"; to "accept instructions and respond appropriately to criticism from supervisors"; to "respond appropriately to changes in the work setting"; and to "set realistic goals or make plans independently of others." Tr. 92-93. Dr. Kaper also stated Plaintiff is markedly limited in his ability to carry out detailed instructions and to maintain attention and concentration "for extended periods." Tr. 92. Dr. Kaper noted:

> Due to poor coping skills for stress, clmt is limited to a very simple, routine job. Even in that context, the clmt will occasionally be unable to complete a normal work week without interruptions from his psych sx. In the setting of a simple, routine job, adherence to his medications and abstinence from ETOH, clmt will miss two days per month of work or less.

Tr. 93.

The ALJ gave "[s]ome but less than great weight" to Dr. Kaper's opinions. The ALJ, however, did not provide any basis for disregarding Dr. Kaper's statement that Plaintiff would "miss two days per month of work or less" due to his psychiatric symptoms. Plaintiff asserts this error is harmful because at the October 25, 2018, hearing the VE testified such an individual would not be employable. Plaintiff points to the following exchange between Plaintiff's counsel and the VE to support his assertion:

> Q.    If we have a person who has good days and bad

13- OPINION AND ORDER

>           days and . . . if they miss work - not
>           necessarily a whole day but if they miss 16
>           hours out of a month what is the impact there
>           in the unskilled work arena?
>
>     A.    It doesn't have -- a person can[] get sick
>           and miss two or three days of the flu or
>           something but if it is on an irregular basis
>           and sporadic that's not going to be
>           sustainable in this type of work environment.
>
>     Q.    Would -- if it is unpredictable would even
>           eight hours be enough to prevent them from
>           being employable?
>
>     A.    That is kind of on the cusp, counsel.  But
>           anything beyond that would be beyond the
>           reasonable expectations.
>
>     Q.    All right.  So if we are at 9 or 10 . . .
>           hours, you are getting close.  Is that right?
>
>     A.    Yes.

Tr. 58. Based on the VE's testimony and Dr. Kaper's statement that Plaintiff would miss two or fewer days of work per month, Plaintiff contends the ALJ would be required to find Plaintiff is disabled, and, therefore, the Court should remand this matter for the immediate calculation and award of benefits.

    As noted, Defendant concedes the ALJ erred when she did not address Dr. Kaper's statement that Plaintiff would miss two days "or less" of work per month.  Defendant, however, points out that the VE specifically declined to agree that missing one day of work per month would be sufficient to render Plaintiff unemployable.  In addition, the VE testified an individual who missed 16 hours of work per month on an "irregular" or "sporadic"

14- OPINION AND ORDER

basis would be unemployable, but Dr. Kaper did not state whether Plaintiff would miss two or fewer days of work per month on a sporadic or irregular basis.  According to Defendant, therefore, even if the ALJ fully credited Dr. Kaper's statement, it is not clear on this record that the ALJ would be required to find Plaintiff disabled.

The Court concludes on this record that Defendant has established there are outstanding issues that must be resolved before a determination of disability can be made and it is unclear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Kaper's opinion was credited.  The Court, therefore, concludes this matter should be remanded for further administrative proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).

Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner, **GRANTS** the Commissioner's Motion (#17) to Remand for further administrative proceedings, and **REMANDS** this matter

15- OPINION AND ORDER

pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

    IT IS SO ORDERED.

    DATED this 10th day of November, 2020.

                                           /s/ Anna J. Brown
                                        _____
                                        ANNA J. BROWN
                                        United States Senior District Judge

16- OPINION AND ORDER